NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HOPE VANDERVEER, | |
| Plaintiff, | **Civil Action No. 15-1963 (SRC)** |
| v. | **OPINION** |
| CITY OF GARFIELD, et al., | |
| Defendants. | |

**CHESLER**, District Judge

     This matter was initiated by Order To Show Cause, issued by Magistrate Judge Waldor on July 19, 2017, directing pro se Plaintiff Hope Vanderveer to show cause why the above-captioned lawsuit should not be dismissed for failure by Plaintiff to prosecute her action pursuant to Federal Rule of Civil Procedure 41(b) [docket entry 35]. Judge Waldor specifically indicated that should Plaintiff fail to appear at the hearing, as ordered, the Court would dismiss the case with prejudice. Plaintiff failed to appear at the show cause hearing, failed to file any written submission indicating why the action should not be dismissed, and failed to respond in any manner to the July 19, 2017 Order To Show Cause. Accordingly, the magistrate judge issued a Report and Recommendation ("R&R") on August 31, 2017 pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(C) [docket entry 37]. In the R&R, Judge Waldor notes that Plaintiff's failure to appear at the show cause hearing is consistent with her expressed wishes to discontinue this action. Plaintiff stated on the record of the March 20, 2017 conference

1

held by the magistrate judge that she wanted to dismiss her case voluntarily [docket entry 31]. According to the R&R, Plaintiff later reiterated, in an off-the-record conversation with the court, that she does not wish to proceed with this action. Though Plaintiff has not complied with the court's request that she make a written submission to the court regarding a voluntary dismissal, the magistrate judge concluded that Plaintiff's repeated failure to appear for conferences, her failure to respond to the Order To Show Cause, and the statements she made on and off the record expressing her wish not to proceed with this lawsuit indicates that a dismissal for failure to prosecute is appropriate. Judge Waldor therefore recommends in the R&R a dismissal with prejudice pursuant to Local Civil Rule 41(a).[1]

The time for filing objections to the R&R has expired. 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). No objections

---

[1] The Court notes that on September 20, 2017, after the R&R was issued, the mailing sent by the Clerk to Plaintiff advising her of the Order To Show Cause was returned to the office of the Clerk as undeliverable. The mailing was directed to Plaintiff's address of record. Under the Local Civil Rules of the District of New Jersey, Plaintiff has an ongoing obligation to keep the Court apprised of her address. See L. Civ. R. 10.1(a). Indeed, a failure to advise the Court of a change of address "may result in the imposition of sanctions by the Court." Id. These sanctions include dismissal of the action. See, e.g., Macon v. City of Asbury Park, No. 07-1413 (MLC), 2008 WL 1882899 (D.N.J. Apr. 24, 2008) (adopting report and recommendation of magistrate judge and dismissing the complaint for failure by the pro se plaintiff to keep the court apprised of his address). Here, Plaintiff's failure to inform the Court of her current address impedes communication between the Court and Plaintiff and further indicates Plaintiff's desire not to pursue this action any longer.

have been filed.[2] This Court has reviewed Judge Waldor's R&R. It accepts and agrees with Judge Waldor's findings and recommendation in whole.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action with prejudice for a plaintiff's failure to prosecute an action or failure to comply with a court's order. Fed. R. Civ. P. 41(b). Likewise, Local Civil Rule 41.1(a) provides that "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared . . . ." L. Civ. R. 41.1(a). As detailed in the R&R, Plaintiff has failed to appear for court-ordered conferences, taken no action for many months to move this case forward, and submitted no response to the Order To Show Cause directing her to demonstrate why this case should not be dismissed. A pending motion to dismiss brought by Defendants remains unopposed, despite the fact that it was filed almost one year ago, on October 14, 2016. Moreover, Plaintiff has made clear her intentions with regard to the discontinuance of this action. On March 20, 2017, she informed the Court that she wishes to dismiss her case voluntarily. More than 120 days have passed since that date with no effort by Plaintiff to prosecute this action and with no indication that Plaintiff has reconsidered her decision to discontinue litigation. As set forth in the R&R, all indications point to Plaintiff's wish not to proceed with this lawsuit.

---

[2] As set forth in note 1, the address Plaintiff maintains on the docket of this action may not be current. As a result of Plaintiff's failure to keep the Court apprised of her address, delivery of the R&R to Plaintiff may not have been possible. Nevertheless, for the reasons discussed in this Opinion, Plaintiff's failure to prosecute warrants adoption of the R&R and dismissal of the action.

Accordingly, this Court will adopt the R&R issued on August 31, 2017 [docket entry 37] as the opinion of the Court and will dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The pending motion to dismiss filed by Defendants [docket entry 23] will be dismissed as moot. An appropriate form of Order will be filed.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: September 28, 2017